IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KIRK LEIPZIG, ) | |
| ) | CASE NO. 3:14-bk-01964 |
| ) | Chapter 11 |
| ) | Judge Mashburn |
| Alleged Debtor. ) | |

**EXPEDITED MOTION FOR ENTRY OF AN ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

**COMES NOW** Carrington Mortgage Services, LLC, as servicer for Christiana Trust, a Division of Wilmington Savings Fund, FSB (hereinafter "Movant"), a secured creditor in the above-captioned case, by and through counsel, and hereby files this *Expedited Motion for Entry of an Order Granting Relief from the Automatic Stay*, pursuant to 11 U.S.C. §§ 105(a) and 362(d), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rule of Bankruptcy Procedure 9075-1 (the "Motion"). As grounds therefor, Movant respectfully shows as follows:

**REQUEST FOR EXPEDITED PROCEDURES**

1.  Movant hereby requests the Court enter an Order granting it relief from the automatic stay and requests that the Court set this matter for a final hearing on an expedited basis.

2.  As stated in further detail below, Movant has reason to believe that if the requested relief is not granted, Movant will be unable to facilitate a sale of the Collateral (hereinafter defined) on April 8, 2014, the value of the Collateral will depreciate, and Movant

will therefore be immediately and significantly harmed. Thus, it is necessary to have Movant's Motion heard on an expedited basis.

3. Notice of this Motion was served electronically to all parties consenting to electronic service in this case and via U.S. Mail, postage prepaid, to the parties on the attached service list.

4. Movant requests that the hearing on this Motion be held on Tuesday, April 1 or, alternatively, Thursday, April 3, 2014, in Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, Tennessee 37203 and that responses to the Motion be filed no later than Friday, March 21, 2014.

## JURISDICTION

5. On March 11, 2014, Anarion Investments LLC (the "Petitioner"), filed an involuntary petition against the alleged debtor Kirk Leipzig ("Leipzig") with the Bankruptcy Court for the Middle District of Tennessee under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code").

6. No trustee has been appointed in this case.

7. Movant files this Motion pursuant to Sections 105(a) and 362(d) of the Bankruptcy Code.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and (b).

9. This matter is a core proceeding that may be heard and determined by the Court pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

10. On March 14, 2008, Leipzig became indebted to Bank of America, N.A. pursuant to the terms of that certain Promissory Note in the original principal amount of $960,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

11. In connection with the execution of the Note, Leipzig executed a Deed of Trust of record in Book 4515 Page 473 of the Register's Office for Williamson County (the "Deed of Trust"). The Deed of Trust was properly and timely recorded and by its terms secures the Note. A copy of the Deed of Trust is attached hereto as **Exhibit B**.

12. Pursuant to the Deed of Trust, the indebtedness on the Note is secured by a first priority security interest and lien upon the real property with an address of 9569 Hampton Reserve Drive, Brentwood, Tennessee 37027 (the "Collateral") and described in the Deed of Trust.

13. The Movant is the holder of the Note and the secured party under the terms of the Deed of Trust by virtue of assignment from Bank of America, N.A. (the "Assignment"). A copy of the Assignment is attached hereto as **Exhibit C**.

14. On December 4, 2008, Leipzig executed a junior deed of trust in favor of Reliant Bank in the amount of $610,000.00 of record at Book 4682 Page 11 of the Register's Office for Williamson County (the "Second Lien"). A copy of the Second Lien is attached hereto as **Exhibit D**.

15. On December 10, 2008, Leipzig quitclaimed the Collateral to Kirk Leipzig, Trustee of the Leipzig Living Trust Agreement Dated April 15th, 2008, as shown by the instruments of record at Book 4687 Page 547 and Book 4808 Page 20 of the Register's Office for Williamson County. As a result, the alleged debtor in this Bankruptcy Case is not the record

owner of the Collateral; however, he is obligated under the Note and Deed of Trust. Copies of these instruments are attached hereto as **Exhibit E**.

16. The indebtedness secured by the Second Lien was reduced to Judgment for Reliant Bank in the amount of $625,156.95 (with 6.25% post-judgment interest) by Orders of the Williamson County Chancery Court and recorded at Book 5568 page 22 and Book 5662 Page 787 of the Register's Office for Williamson County (the "Reliant Judgment"). Copies of these Orders are attached hereto as **Exhibit F**. With interest, the total indebtedness is $700,175.78.

17. Although the terms of the Note require monthly payments, no payment has been made since May 1, 2011 and all payments due June 1, 2011 until the Petition Date are due and owing.

18. As of the Petition Date, the total indebtedness owed to the Movant and evidenced by the Note and secured by the Deed of Trust is $1,126,148.01. See Affidavit of Tracey McShane, attached hereto as **Exhibit G**.

19. In November of 2013, Movant, through its appointed substitute trustee, commenced foreclosure proceedings pursuant to the Note, Deed of Trust and applicable law. Most recently, a foreclosure sale was set for March 11, 2014. Several potential bidders have expressed interest in purchasing the Collateral.

20. On January 6, 2014, the Petitioner filed a complaint in the Middle District of Tennessee against the Movant, Brock & Scott, PLLC ("Brock & Scott") and the Debtor, docket number 14CV-00012 (the "Anarion Lawsuit"). The Anarion Lawsuit asserts various theories of recovery and relief, including a temporary and permanent injunction of the foreclosure of Movant's security interest in the Collateral pursuant to Federal Rule of Civil Procedure 65. The

Petitioner's application for a temporary restraining order was denied by the District Court after a hearing on March 10, 2014.  A copy of the order is attached hereto as **Exhibit H**.

21. Subsequent to the filing of the Anarion Lawsuit but prior to the denial of the application for a temporary restraining order, the Petitioner commenced an involuntary petition against the Leipzig Living Trust, case number 14-bk-00953 (the "First Bankruptcy Case").  This Court dismissed the First Bankruptcy Case on February 28, 2014.

22. On March 11, 2014, the Petitioner commenced the involuntary petition in this Bankruptcy Case, causing the foreclosure sale to again be postponed until April 8, 2014.

## RELIEF REQUESTED

23. By the Motion, the Movant seeks immediate relief from the automatic stay in order to exercise its rights and remedies under applicable law, the Note and the Deed of Trust, including, without limitation, the foreclosure of its lien in the Collateral and collection of any proceeds of the Collateral, including, without limitation, whatever is received upon sale of the Collateral.  Movant additionally seeks this relief on an *in rem* basis pursuant to Sections 105(a) and 362(d)(4)(B) of the Bankruptcy Code.

## BASIS FOR RELIEF

A. <u>There is No Equity in the Collateral and the Movant Lacks Adequate Protection of its Collateral.</u>

24. Section 362(d)(2) of the Bankruptcy Code authorizes relief from the stay where (A) the debtor does not have equity in the property and (B) the property is not necessary to an effective reorganization.

25. Under 11 U.S.C. § 362(d)(1) of the Bankruptcy Code, the Court may lift the automatic stay for cause, including where the secured party lacks adequate protection in its collateral.

26. Leipzig does not have any equity in the Collateral.

27. Movant submits a broker price opinion ("BPO") of the value of the Collateral which indicates a value of between $1,300,000.00 and $1,600,000.00, based upon an exterior inspection. See Affidavit of Tracey McShane, attached hereto as **Exhibit I** (originally filed in the First Bankruptcy Case).

28. Movant submits that Leipzig values the Collateral at $1,300,000.00. See Affidavit of Kirk Leipzig, attached hereto as **Exhibit J** (originally filed in the First Bankruptcy Case).

29. Between Movant's Deed of Trust and the lien of the Reliant Judgment, the total indebtedness secured by the Collateral is $1,826.323.79.

30. There are additional liens against the Collateral filed by the Hampton Reserve Homeowner's Association (as shown by Exhibits 10-13 to docket entry no. 16 in the First Bankruptcy Case) which further impair the value of the Collateral.

31. Leipzig has been in arrears since June 1, 2011 on his mortgage payments. As shown in his Affidavit, he has no interest in keeping the Collateral and the Collateral is not necessary to an effective reorganization.

32. There is a pending foreclosure sale set for April 8, 2014. The only way to maximize the value of the Collateral is for the Movant to be granted stay relief to sell the Collateral.

33. The Collateral is currently inhabited and possessed by Scott D. Johannessen ("Johannessen"), the attorney for the Petitioner in this Bankruptcy Case.

34. The Collateral is not being properly maintained. Johannessen has made repeated references to a black mold problem in the house. See Exhibit 4 to docket entry no. 16 in the First Bankruptcy Case, stating "remedial measures have been undertaken to remove and eradicate *stachybotrys chartarum* (aka *stachybotrys atra* and "black mold") from the Property. Thus far, such efforts have been unsuccessful".

35. In a letter he sent to Movant on September 3, 2013, Johannessen reasserts that there are mold problems in the house. In providing his concerns to Movant, he lists "the owner's failure to maintain adequate property insurance" and "the owner's failure to remedy serious mold problems". Movant shares these concerns. By Johannessen's own admission, the Collateral is not being properly maintained. See Carrington Letters, attached hereto as **Exhibit K**.

36. As a result, Movant lacks adequate protection of its interest in the Collateral. By virtue of such lack of protection, good cause exists to lift the automatic stay imposed hereunder. Otherwise, Movant will suffer irreparable harm with respect to Movant's interest in the Collateral.

37. Accordingly, the predicates for relief under 11 U.S.C. § 362(d)(1) and (2) are satisfied.

38. Sufficient cause exists to waive the requirements of Bankruptcy Rule 4001(a)(3), thereby giving full force and effect to the Order upon entry by the Court.

B. Cause Exists to Grant *In Rem* Stay Relief

39. Based on the foregoing, it is evident that the Petitioner has instituted these bankruptcy proceedings as a litigation tactic and to frustrate the Movant's ability to sell the Collateral.

40. Based upon the foregoing, the Court can find that this petition was part of Petitioner's scheme to delay and hinder the Movant's ability to foreclose its security interest in the Collateral which also involved the filing of the First Bankruptcy Case.

41. Accordingly, the predicates for relief under either 11 U.S.C. § 105(a) or 11 U.S.C. § 362(d)(4)(B) are satisfied for granting the stay relief on an *in rem* basis.

**WHEREFORE,** PREMISES CONSIDERED, Movant respectfully requests this Court to:

1. Hold an expedited hearing on this Motion on Tuesday, April 1 or, alternatively, Thursday, April 3, 2014, in Courtroom 1, 2nd Floor Customs House, 701 Broadway, Nashville, Tennessee 37203;

2. Set Friday, March 21, 2014 as the deadline by which any responses to the Motion shall be filed;

3. Enter an Order terminating and annulling the automatic stay imposed by Section 362(a) of the Bankruptcy Code, effective immediately upon entry of the Order and waiving the 14-day stay pursuant to Fed. R. Bankr. P. 4001(a)(3), to allow Movant to exercise all of its rights and remedies with respect to the Collateral, including, without limitation, the foreclosure of its lien in the Collateral and the collection of any proceeds of the Collateral, including, without limitation, whatever is received upon the sale of the Collateral, on an *in rem* basis pursuant to either Section 105(a) or Section 362(d)(4)(B) of the Bankruptcy Code;

4. Enter an Order granting Movant such other and further relief that this Court deems just and proper.

This  13th  day of March, 2014.

/s/ Nicholas H. Adler
Nicholas H. Adler, #023469
Brock & Scott, PLLC
277 Mallory Station Rd, Suite 115
Franklin, TN 37067
(615) 550-7697 ext. 4610
(615) 550-8484 (facsimile)
*Counsel for Carrington Mortgage Services, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that a precise copy of the foregoing was filed via the Court's Electronic Case Filing system which automatically sends electronic notice to counsel of record and mailed, postage prepaid to the following:

c/o Kirk Leipzig
1 Burton Hills Blvd., Suite 120
Nashville, TN 37215

Scott D. Johannessen
3200 West End Avenue
Suite 500
Nashville, TN 37203

US Trustee
Office of the United States Trustee
701 Broadway, Suite 318
Nashville, TN 37203-3966


This  13th  day of March, 2014.

/s/ *Nicholas H. Adler*
Nicholas H. Adler