IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

| | |
|---|---|
| RELIANT BANK, | ) |
| Plaintiff/Counter-Defendant, | ) NF |
| | ) CASE NO. 11-1450-III |
| v. | ) |
| | ) The Hon. Ellen Hobbs Lyle |
| KIRK LEIPZIG, | ) |
| Defendant/Counter-Plaintiff/ | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| STEPHANIE REECE, | ) |
| Third-Party Defendant. | ) NOTICE OF ENTRY |

FILED 2012 APR -9 PM 3:51
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.
D.C. & M.

## JUDGMENT AND ORDER GRANTING RELIANT BANK'S DISPOSITIVE MOTIONS

THIS MATTER is before the Court upon Plaintiff/Counter-Defendant Reliant Bank's ("Plaintiff," "Bank," "Lender" or "Reliant") *Motion for Partial Summary Judgment* and *Motion for Partial Judgment on the Pleadings*, which were filed on or about January 20, 2012, the *Responses* thereto filed by Defendant/Counter-Plaintiff Kirk Leipzig ("Mr. Leipzig") on or about March 19, 2012, the *Replies* thereto filed by Reliant on or about March 21, 2012, and the oral arguments of the parties held on March 23, 2012.

This case is a suit on a promissory note in which a bank seeks a judgment against a borrower who has defaulted on his payment obligations. Reliant filed its *Verified Complaint* on October 21, 2011. (Compl., p. 1.) Mr. Leipzig was served on October 29,

1

**EXHIBIT F**

2011. Mr. Leipzig filed his Answer, Counterclaim and Third Party Complaint on or about December 13, 2011. (Answ, Countercl., p. 1.) After filing several different versions of an amended pleading, on or about March 16, 2012, Mr. Leipzig filed his *Verified First Amended Answer, Counterclaim and Third Party Complaint*; this is the amended pleading the Court is relying upon in resolving Reliant's *Motions*. (Verif. First Amend. Answ. and Countercl., p. 1.) Reliant filed its *Verified Reply to Kirk Leipzig's First Amended Counterclaim* on March 23, 2012, ~~as allowed by stipulation of the parties stated therein were~~ [handwritten: The filing was allowed as the matters presented during oral argument on 3/23/12, were heard by Leipzig's counsel, and during the hearing, Leipzig's counsel responded. The Verified Reply interjected no novel or unknown facts or law.] ~~in open court.~~ (Verif. Repl. First Amend. Countercl., p. 1.)

Reliant's *Motion for Partial Summary Judgment* seeks a judgment, under Rule 56.01 on its suit on a note asserted against Mr. Leipzig. (Mot. Part. Summ. Judg., pp. 1-3.) Reliant's *Motion for Partial Judgment on the Pleadings* seeks dismissal, under Rule 12.03, of all possible versions of the counterclaims asserted by Mr. Leipzig against Reliant. (Mot. Part. Judg. Pleads., p. 1-2.) Each of these *Motions* are deemed responsive to Mr. Leipzig's *First Amended Answer, Counterclaim and Third Party Complaint*.

The Court finds that Reliant's *Motion for Partial Summary Judgment* and *Motion for Partial Judgment on the Pleadings* are **WELL-TAKEN** and are, therefore, **GRANTED**.

First, the Court finds that Reliant is entitled to the relief sought—dismissal of all iterations of Mr. Leipzig's counterclaims—in its *Motion for Partial Judgment on the Pleadings*. Tennessee courts do not recognize a claim for "concealment and/or failure to disclose" which is separate and distinct from the implied duty of good faith and fair dealing. Accordingly, none of the various characterizations or titles assigned to this (substantive) counterclaim by Mr. Leipzig can save it from dismissal as a matter of law.

2

(EHC) *Affidavit merely updates the dollar amounts of those items as of 3/28/12.*

Likewise, a breach of the implied duty of good faith and fair dealing occurs only when one contracting party's acts prevent or hinder another contracting party's performance of its obligations. No set of facts set forth in, or to be inferred from, Mr. Leipzig's *Verified First Amended Answer, Counterclaim and Third Party Complaint* can demonstrate that anything Reliant did could have hindered Mr. Leipzig's ability to perform his obligations due and owing to Reliant under the terms of the Hampton Reserve Loan.[1] All of Mr. Leipzig's counterclaims against Reliant are, therefore, **DISMISSED WITH PREJUDICE**, pursuant to Tenn. R. Civ. P. 12.03.

Second, pursuant to Rule 56.04, the legal grounds upon which the Court grants Reliant's *Motion for Partial Summary Judgment*, with respect to its breach of written promissory note claim asserted against Mr. Leipzig, are that there exists no genuine issue of disputed material that: (a) Reliant is the holder or owner of the Hampton Reserve Note; (b) Mr. Leipzig signed the Hampton Reserve Note; (c) the Hampton Reserve Note is in default and there is a balance due on it; (d) the copy attached to Reliant's *Verified Complaint* is a true and accurate copy of the Hampton Reserve Note; and (e) Reliant has not assigned, pledged or transferred the Hampton Reserve Note to another. *See Ingram v. Earthman*, 993 S.W.2d 611, 631 (Tenn. Ct. App. 1998) (elements of breach of promissory note.) Further, based on the *Affidavit of J. Richard Belote* dated March 28, 2012, the principal, interest and late fees due and owing from Mr. Leipzig to Reliant, as of March 28, 2012, is not less than $586,795.24. (03/28/2012 Affid. J. Richard Belote,

*See Defendant's Response to Plaintiff's Separate Statement of Undisputed Material Facts, No. 7, which contests only "attorney's fees, court costs and other legal expenses."*

*The principal, interest and late fees are not contested. The 3/28/12 Belote*

---
[1] As used in this *Judgment and Order Granting Reliant Bank's Dispositive Motions*, the "Hampton Reserve Note" refers to that certain Multipurpose Note and Security Agreement, dated December 4, 2008, executed by Mr. Leipzig in favor of Reliant, in the original available principal amount of $610,000.00, as amended and restated by that Modification, Extension and Amendment of Multipurpose Note and Security Agreement dated January 31, 2011. The terms and obligations evidenced by the Hampton Reserve Note, and other loan documents executed in connection therewith, may, from time to time, be identified as the "Hampton Reserve Obligations" and/or the "Hampton Reserve Loan."

3

Book 5568 Page 24

Case 3:14-bk-01964    Doc 5-6    Filed 03/13/14    Entered 03/13/14 14:59:28    Desc Exhibit F - Orders    Page 3 of 13

(EHC) →failed to make more than a metaphysical objection

Jr., ¶ 6.) In addition, pursuant to the terms of loan documents evidencing both the Hampton Reserve Loan and the Harding Place Loan[2] (which loan documents have been attached to the pleadings in this case, pursuant to Tenn. R. Civ. P. 10.03), Reliant is entitled to recover its costs of collection incurred in collecting both the Hampton Reserve Obligations and the Harding Place Obligations—Mr. Leipzig is a borrower on each— including but not limited to Reliant's legal expenses, not less than $1,341.71 (including discretionary costs), and attorneys' fees, not less than $37,020.00, (03/28/2012 Affid. of, Michael B. Schwegler, ¶ 4.) The court expressly finds that the foregoing legal expenses and attorneys' fees are reasonable. Accordingly, Reliant is entitled to **JUDGMENT AS A MATTER OF LAW** from Mr. Leipzig, in the amount of $625,156.95, plus Reliant's unbilled and future costs of collection, including but not limited to Reliant's unbilled and future reasonable attorneys' fees, legal expenses and court costs.

→ to attorney's fees in response to plaintiff's statement of undisputed material facts No. 7

⌐ This affidavit updated the old plaintiff's undisputed fact No. 7 as to the most recent attorney's fees.

⌐ and that Mr. Leipzig's counsel

Third, since the Court's resolution of Reliant's *Motion for Partial Summary Judgment* and *Motion for Partial Judgment on the Pleadings* resolves all issues in dispute between Reliant and Mr. Leipzig, Reliant's *Motion for Protective Order* is **DENIED** as **MOOT**.

(EHC)

⌐ and claims as to the issues between Reliant and Leipzig

Fourth, since the Court's resolution of Reliant's *Motion for Partial Summary Judgment* and *Motion for Partial Judgment on the Pleadings* resolves all issues in dispute between Reliant and Mr. Leipzig, Reliant's *Motion to Strike Kirk Leipzig's Affirmative Defenses* is rendered **MOOT**. However, to the extent that further exposition from the

Book 5568 Page 25

---

[2] As used in this *Judgment and Order Granting Reliant Bank's Dispositive Motions*, the "Harding Place Note" refers to that certain Simple Interest Fixed Rate Note/Disclosure and Security Agreement, dated February 23, 2010, executed by jointly and severally Mr. Leipzig and Stephanie Reece ("Ms. Reece"), in the original principal amount of $1,600,000.00. The terms and obligations evidenced by the Harding Place Note, and other loan documents executed in connection therewith, may, from time to time, be identified as the "Harding Place Obligations" and/or the "Harding Place Loan."

4

*and that collections against Leipzig would be forestalled in favor (EHL) of collection on Harding Place. See Defendant's Response to Statement of Undisputed Material Fact No. 2. Adopting pages 4-7 of Plaintiff's March 21, 2012 Reply to Leipzig's Response to Reliant's Motion for Partial Summary Judgment, the Court concludes that Defendant's claims and defenses fail as a matter of law.*

Court is required, the Court finds that the affirmative defenses alleged by Mr. Leipzig do not contain sufficient specificity under Rule 8.03; Reliant's *Motion to Strike Kirk Leipzig's Affirmative Defenses* is, accordingly, GRANTED to that limited extent.

Fifth, in his *Verified First Amended Answer, Counterclaim and Third Party Complaint*, Mr. Leipzig identifies a third counterclaim that he titles, "Injunctive Relief." (Verif. First Amend. Answ. and Countercl., ¶¶ 35-41.) When read in tandem with the factual allegations set forth in his amended pleading, Mr. Leipzig's counterclaim fails for the same reason as all versions of his other counterclaims do: no set of facts supports issuance of a temporary restraining order, a temporary injunction or a permanent injunction under Tenn. R. Civ. P. 65. (Verif. First Amend. Answ. and Countercl., ¶¶ 1-21, 35-41.) Further, Mr. Leipzig's application for injunctive relief is fatally defective because he does not identify with sufficient precision what exactly he demands that Reliant to be enjoined from doing. (*Id.*)

*Sixth, the Defendant Leipzig's request for further discovery is denied. Defendant Leipzig's responses to Plaintiff's Statement of Undisputed Material Facts establish that additional discovery would not aid Defendant Leipzig. As a matter of law Defendant Leipzig's*

It is therefore ORDERED that Reliant's *Motion for Partial Summary Judgment* is GRANTED, that Reliant is entitled to judgment as a matter of law, and that a *Judgment* shall be entered against Mr. Leipzig in the amount of $625,156.95, plus Reliant's unbilled and future costs of collection, including but not limited to Reliant's unbilled and future reasonable attorneys' fees, legal expenses and court costs. Pursuant to Tenn. Code Ann, § 47-14-121, interest shall accrue on this *Judgment* at the simple rate described in the Hampton Reserve Note, six and one quarter percent (6.250%). Reliant is further authorized to conduct post-judgment discovery to investigate Mr. Leipzig's ability to satisfy this *Judgment*, and Reliant shall be permitted to apply for a writ of inquiry, if necessary. Having resolved all issues in dispute between Mr. Leipzig and Reliant, this

*claims and defenses fail. Those claims and defenses stated in response to the Plaintiff's Statement of Undisputed Material Facts are [illegible]: (1) the Hampton Reserve Note and Amended Note; and the Harding Place Note, did [illegible] fail in that the Bank told Reliant verbally [illegible] Defendant Leipzig it would apprise him of Ms. [illegible] financial condition*

*Judgment and Order Granting Reliant Bank's Dispositive Motions* is designated a final judgment, pursuant to Tenn. Rs. Civ. P. 54 and 58, there being no just reason for delay. Costs are taxed to Mr. Leipzig, for which execution may issue, if necessary.

    IT IS SO ORDERED this, the __ day of _____ 2012.

*[signature]*
The Hon. Ellen Hobbs Lyle
Chancellor
Twentieth Judicial District, Part III

APPROVED FOR ENTRY:

ERNEST B. WILLIAMS IV, PLLC

*[signature]*
ERNEST B. WILLIAMS, IV, BPR # 12301
MICHAEL B. SCHWEGLER, BPR # 22563
P.O. Box 159264
Nashville, Tennessee 37215
Phone: (615) 372-0993
Fax:   (615) 371-1572
Email: erniewiliams@ewivlaw.com
       mikeschwegler@ewivlaw.com

**Attorneys for Reliant Bank**

*[Certification stamp: I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE. THIS ___ DAY OF _____ 20__. CRISTI SCOTT, CLERK & MASTER BY _____ DEPUTY]*

6

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via U.S. Mail, first class postage prepaid, upon the following:

Scott D. Johannessen
Blue Cross Building
3200 West End Avenue
Suite 500
Nashville, Tennessee 37203

Robert Hill, II
The Hill Firm, PLLC
109 Kenner Ave, Suite 201
Nashville, TN 37205

Ernest B. Williams, IV
Michael B. Schwegler
Ernest B. Williams IV, PLLC
P.O. Box 159264
Nashville, Tennessee 37215

On this, the 10th of April, 2012.

_____
JUDGE/CLERK

7

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served, via e-mail and U.S. Mail, first class postage prepaid, upon the following:

Scott D. Johannessen
Blue Cross Building
3200 West End Avenue
Suite 500
Nashville, Tennessee 37203

Robert Hill, II
The Hill Firm, PLLC
109 Kenner Ave, Suite 201
Nashville, TN 37205

On this, the 1st of March, 2012.

MICHAEL B. SCHWEGLER

8

Book 5568 Page 30

IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART III

| | |
|---|---|
| RELIANT BANK, | ) |
| Plaintiff/Counter-Defendant, | ) |
| VS. | ) NO. 11-1450-III |
| KIRK LEIPZIG, | ) |
| Defendant/Counter-Plaintiff/<br>Third-Party Plaintiff, | ) |
| VS. | ) |
| STEPHANIE REECE, | ) |
| Third-Party Defendant. | ) |

## ORDER

On April 9, 2012, the Court entered an order granting the Plaintiff's motions for partial summary judgment and judgment on the pleadings. Pursuant to Tennessee Rule of Civil Procedure 59.05, the Court, on its own initiative, alters two aspects of that order.

First, the Court vacates that part of the April 9, 2012 order that makes it final. Until the filings in support of attorney's fees, detailed below, are submitted, the order shall not be final.

The second alteration of the April 9, 2012 order is that the Court vacates the award of attorney's fees to obtain supplemental information. Upon further reflection, the Court determines that even though Defendant Leipzig's response to Plaintiff's Statement of

Undisputed Material Facts raised only metaphysical opposition to the amount of the fees, that insufficient opposition should not have ended the Court's analysis. In addition to insufficient opposition by Defendant Leipzig, the Plaintiff's showing on summary judgment as to attorney's fees requires additional proof as provided by Davidson County Local Rule § 5.05. That Rule requires an attachment to counsel's affidavit which itemizes the services rendered, and the time spent, as well as addressing the factors in Tennessee Supreme Court Rule 8, RPC 1.5 of the Rules of Professional Conduct. While counsel's affidavit does state, as required by Local Rule § 5.05, the rates applied and a suggested dollar amount for the fee and the Court finds these are reasonable given the dollar amount of the note and the patently extensive attorney time spent on this case demonstrated by the extent of the filings, nevertheless, the Local Rule must be followed and all items must be addressed.

It is therefore ORDERED that consistent with the foregoing, the April 9, 2012 order is altered.

It is further ORDERED that: (1) on or before Friday, April 30, 2012, plaintiff's counsel shall supplement his affidavit for attorney's fees in compliance with Local Rule § 5.05; (2) opposition to the supplement to the fee affidavit shall be filed on or before

2

May 18, 2012; and (3) thereafter the Court shall rule on the papers regarding an award of attorney's fees to plaintiff's counsel.

*[signature]*
ELLEN HOBBS LYLE
CHANCELLOR

cc: Ernest B. Williams, IV
Michael Schwegler
Scott Johannessen
Robert Hill, II

COPIES TO ATTORNEYS AND PRO SE LITIGANTS
AT THE ABOVE ADDRESSES
DATE 4-10-12 CLERK CS

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE.
THIS ___ DAY OF _____ 2012.
CRISTI SCOTT, CLERK & MASTER
BY _____ DEPUTY

3

BK: 5568 PG: 22-32
12016212
11 PGS : AL - JUDGMENT
JENNIFER BATCH: 25237 04/26/2012 - 12:23 PM
BATCH 252372
MORTGAGE TAX 0.00
TRANSFER TAX 0.00
RECORDING FEE 55.00
ARCHIVE FEE 0.00
DP FEE 2.00
REGISTER'S FEE 0.00
TOTAL AMOUNT 57.00
STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE

Ernest B Williams IV 

Book 5662 Page 787

### IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
### TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART III

| | | |
|---|---|---|
| RELIANT BANK, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | NF |
| VS. | ) | NO. 11-1450-III |
| | ) | |
| KIRK LEIPZIG, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff/ | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| STEPHANIE REECE, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

2012 JUN 25 AM 11:09 FILED

## ORDER

On April 9, 2012, the Court entered "Judgment and Order Granting Reliant Bank's Dispositive Motions" which granted the Plaintiff a $625,156.95 judgment plus interest plus attorneys' fees on a promissory note signed by the Defendant/Borrower and which dismissed the Defendant's counterclaims. Because claims remained pending between the Defendant and Third-Party Defendant, the April 9, 2012 order was made final pursuant Tennessee Rules of Civil Procedure 54 and 58.

The next day, the Court altered and amended the April 9, 2012 order in two respects: (1) removing the Rules 54 and 58 designation of the order as final to (2) obtain supplemental information on attorneys' fees.

On June 18, 2012, the Court again altered and amended the April 9, 2012 order. In the June 18, 2012 alteration and amendment the Court supplemented its reasoning.

On June 21, 2012, the Plaintiff filed a "Notice of Voluntary Waiver of Costs of Collection and Attorneys' fees." The effect of the Notice is that the Court is no longer required to assess attorneys' fees. The Notice withdraws that request for recovery.

It is therefore ORDERED that the "Judgment and Order Granting Reliant Bank's Dispositive Motions," entered April 9, 2012, as amended by the Court's June 18, 2012 "Order Altering and Amending Reasoning, in Part, of April 9, 2012 Memorandum and Order," and with Plaintiff's request for recovery of attorneys' fees and costs withdrawn, is designated a final order pursuant to Rules 54 and 58 of the Tennessee Rules of Civil Procedure.

_____
ELLEN HOBBS LYLE
CHANCELLOR

cc: Ernest B. Williams, IV
Michael Schwegler
Scott Johannessen
Robert Hill, II

6/25/12 Copies Mailed

BK: 5662 PG: 787-788
12033992

| 2 PGS : AL - ORDER | |
|---|---|
| JENNY BATCH: 264246 | 08/13/2012 - 01:38 PM |
| BATCH | 264246 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 10.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 12.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
SADIE WADE
REGISTER OF DEEDS

I HEREBY CERTIFY THAT THIS IS A TRUE COPY OF ORIGINAL INSTRUMENT FILED IN MY OFFICE. THIS 1st DAY OF August, 2012
CRIS SCOTT, CLERK & MASTER
BY_____