**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **KIRK LEIPZIG,** | § | **Case No. 3:14-bk-01964** |
| | § | **Chapter 11** |
| Debtor. | § | **Judge Randal S. Mashburn** |
| | § | |

## OPPOSITION TO EXPEDITED MOTION

COMES NOW petitioning creditor Anarion Investments LLC ("Anarion"), pursuant to LBR 9075-1, by and through its undersigned attorney, and hereby respectfully opposes the request for expedited relief filed Carrington Mortgage Services, LLC ("Carrington"), as follows:[1]

    1.    LBR 9075-1(a) provides:

> **When Appropriate**. Expedited motions and orders are those rare matters requiring action on notice shorter than that fixed by the Federal Rules of Bankruptcy Procedure or by LBR 9013- 1 or 9014-1.

    2.    Anarion respectfully submits that Carrington does not have good cause or a proper procedural basis to seek expedited relief under LBR 9075-1(a).

    3.    Anarion respectfully requests, pursuant to Fed. R. Evid. 201, judicial notice of its papers filed in the Chapter 11 case styled *In re Leipzig Living Trust*, TNMB Case No. 3:14-bk-00953 (the "Leipzig Trust

---

[1]    B&S, based in North Carolina, handles an extraordinarily high volume of residential foreclosures covering a multi-state footprint. B&S also wears many hats in the factual and procedural overlay and arc of these bankruptcy and related court proceedings. B&S is not only (1) counsel of record herein for Carrington, but it is also (2) the purported substitute trustee assigned to conduct the intended foreclosure sale referenced herein, (3) the law firm representing Carrington as a defendant in a related pending federal district court case, (4) the lead defendant in that district court case, in which its attorneys and Carrington's employees are material witnesses, and (5) the entity primarily responsible for the improper mortgage loan foreclosure procedures and unlawful debt collection practices under scrutiny vis-à-vis the relief requested herein.

    B&S has a strong self-interest to make sure the intended foreclosure sale proceeds according to plan. B&S represents Carrington and Christiana Trust, the former a southern California-based high volume residential mortgage loan servicer and the latter, a Delaware company, now claiming to be the current holder of the subject mortgage loan. The "feeder" companies to foreclosure mills like B&S include the holders and servicers of troubled, defaulted and nonperforming mortgage loans that were purchased, often without any advance due diligence, from large financial institutions, like Bank of America, N.A. ("BANA"), as part of bundled investment packages sometimes consisting of thousands of other debt obligations. Carrington and Christiana Trust, purportedly the assignee of the mortgage loan from BANA (which company abandoned the foreclosure process in March 2013 after the first failed attempt in February 2013, over one year ago), are two such companies.

Case"). Anarion's evidence and argument submitted in opposition to Carrington's motion for expedited relief in the Leipzig Trust Case are incorporated herein as they equally apply to Carrington's LBR 9075-1(a) motion for expedited relief herein.

4. Anarion respectfully requests, pursuant to Fed. R. Evid. 201, judicial notice of the March 11, 2014, Notice of Intent to Apply/Move for Injunction previously filed by Anarion in a related district court case styled *Anarion Investments LLC v. Carrington Mortgage Services, LLC, et al.*, TNMD Case No. 3:14-cv-00012. See **Exhibit A** attached hereto. Carrington's present motion for relief in this case was filed in response to Anarion's anticipated request for injunctive relief in the district court case.

5. The debtor herein **has not** yet been served with the summons and complaint. The debtor herein **has not** yet been served with statutory notice of Carrington's request for expedited relief. Anarion has been informed by the debtor that the debtor herein **can no longer be served** with judicial process at his Nashville business address. See **Exhibit B** attached hereto. Carrington is aware that the debtor can no longer be served at his prior Nashville business address (which Anarion uses only because it is the last known address for the debtor). The debtor herein and his other secured creditors **do not** have proper notice of these proceedings, which proceedings may materially impact the disposition of a material asset of the debtor's bankruptcy estate to the exclusion of and without notice to other creditors with secured claims exceeding $3,000,000. The foreclosure process Carrington is seeking to advance has been previously and postponed and/or cancelled by Carrington no fewer than seven times, dating back to February 2013.

6. The undersigned is informed and believes that the debtor **does not** want one of his material assets subject to a foreclosure sale by Carrington but, rather, is seeking to have purchased the promissory note from the holder of the subject note and deed of trust, Christiane Trust, for the full amount due thereunder thus rendering any foreclosure sale of the subject property or compromise of other creditors' claims, including Anarion's, completely unnecessary. The undersigned is informed and believes that one of the secured creditors herein, Reliant Bank, is also participating in the pending promissory note purchase transaction. Anarion is also participating therein.

7. No prejudice or harm will be suffered by Carrington should its motion for expedited relief be denied. However, significant prejudice and harm will be suffered by the debtor and other creditors of the debtor who have not been provided proper notice of these proceedings. Carrington wants preferential treatment not enjoyed by any other creditor of the debtor.

WHEREFORE, for the foregoing reasons Anarion respectfully requests that Carrington's motion for expedited relief be **DENIED**.

Respectfully submitted,

By: */s/ Scott D. Johannessen*

Scott D. Johannessen, BPR # 26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com

*Attorney for Petitioning Creditor,*
*Anarion Investments LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of March 2014 he caused a true and correct copy of the foregoing document to be delivered to the U.S. Trustee, Office of the United States Trustee, 701 Broadway, Suite 318, Nashville, Tennessee 37203-3966, and on all persons and/or entities appearing on the Court's docket report in this cause via first class United States mail, postage prepaid or, where possible, via electronic mail through the Court's ECF system. Parties may also access this filing through the Court's ECF system.

Nicholas H. Adler
Brock & Scott, PLLC
277 Mallory Station Road, Suite 115
Franklin, TN 37067

Last known address:
Kirk Leipzig
1 Burton Hills Blvd., Suite 120
Nashville, TN 37215

By: */s/ Scott D. Johannessen*
Scott D. Johannessen

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **ANARION INVESTMENTS LLC,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No. 3:14-cv-00012** |
| **v.** | § | |
| | § | **Judge Aleta A. Trauger** |
| | § | **Magistrate Judge John S. Bryant** |
| **CARRINGTON MORTGAGE SERVICES,** | § | |
| **LLC; BROCK & SCOTT, PLLC;** | § | |
| **CHRISTIANA TRUST; LEIPZIG LIVING** | § | |
| **TRUST,** | § | |
| **Defendants.** | § | |
| | § | |

---

## NOTICE OF INTENT TO APPLY/MOVE FOR INJUNCTION

---

COMES NOW Plaintiff Anarion Investments LLC, by and through its undersigned counsel, and hereby gives notice, pursuant to Tenn. Code Ann. § 29-23-201, to Defendants Carrington Mortgage Services, LLC ("Carrington"), Brock & Scott, PLLC ("B&S"), and Christiana Trust (collectively, "Defendants") of Plaintiff's intent to apply to and/or move this Court for injunctive relief as provided under Fed. R. Civ. P. 65 (the "*Motion for Injunctive Relief*").[1]

---

[1]  See, e.g., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692k ("any debt collector who fails to comply with *any* provision of this subchapter with respect to *any person* is liable to such person . . ."); the Dictionary Act, 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, … the word 'person' … include[s] corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals."); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) ("Congress enacted the FDCPA to eliminate 'abusive, deceptive, and unfair debt collection  practices."); Federal Trade Commission, *Staff Commentary on the FDCPA*, §§ 806, 807(5), 808; *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013) (attorneys engaged in the collection of debts, including mortgage foreclosure, are debt collectors subject to liability under the FDCPA); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) (FDCPA applies to actions of attorneys hired to initiate non-judicial foreclosure; concerned over the "enormous loophole" that would result otherwise, but also relying on direct requests for payment to conclude that FDCPA applies); *Wright v. Finance Serv.*, 22 F.3d 647, 649 (6th Cir. 1994) (citations omitted); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (§1692k(a) is "couched in the broadest possible language," and that "absent a limitation in the substantive provisions, the ordinary and common understanding is that any aggrieved party may bring an action under §1692e"); Protecting Tenants at Foreclosure Act ("PTFA"), part of the Helping Families Save Their Homes Act. Pub. L. No. 111-22, div. A, tit. VII, §§ 701-704, 123 Stat. 1632, 1660-62 (2009), *amended by* Pub. L. No. 111-203, tit. XIV, § 1484, 124 Stat. 1376, 2204 (2010); *Mik v. Federal Home Loan Mortgage Corporation*, Case No. 12-6051 (6th Cir., filed February 7, 2014) ("a violation of federal law can support a state law claim, even when – or, perhaps, especially when – there is no private right of action under a federal statute." (citing *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 544 (7th Cir. 2012)); *see Webb v. Green*

The *Motion for Injunctive Relief* will seek an injunction restraining Defendants, their officers, agents, employees, and all those persons in active concert or participation with them, from engaging in debt collection practices, including mortgage foreclosure, concerning residential real property located at 9569 Hampton Reserve Drive in Brentwood, Tennessee (the "Property"). On October 25, 2013, Defendant B&S, in the dual capacities of debt collector and substitute trustee, advertised a "notice of foreclosure sale" related to the Property, ostensibly pursuant to the requirements of Tenn. Code Ann. § 35-5-101. See **Exhibit 1**, **Exhibit 2** and **Exhibit 3** attached hereto.

The *Motion for Injunctive Relief* will be filed no sooner than five (5) days from the date of the filing of this *Notice of Intent*. The *Motion for Injunctive Relief* will be scheduled for hearing at a time, place and location to be determined at the pleasure of the Court and the Judge before whom the *Motion for Injunctive Relief* is to be heard and decided.

Respectfully submitted,

By: /s/ *Scott D. Johannessen*

Scott D. Johannessen, BPR # 26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com

*Attorney for Plaintiff*

---

*Tree Servicing, LLC*, No. ELH-11-2105, 2011 WL 6141464, at *7 (D. Md. Dec. 9, 2011) (violations of the PTFA can be used "offensively" to establish a state law cause of action); *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564 (6th Cir. 2013) (neither the Sixth Circuit nor the Supreme Court has reached the conclusion "that the FDCPA does not authorize declaratory or injunctive relief," and "it is surpassingly strange to think that our court and the Supreme Court do not have jurisdiction to resolve this point of law. Plaintiffs have the right to win – and lose – cases, and we have jurisdiction to make the call.").

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.01, the undersigned hereby certifies that on the 11th day of March 2014 a true and correct copy of the following document:

NOTICE OF INTENT TO APPLY/MOVE FOR INJUNCTION

was delivered to the following persons/entities appearing of record herein via electronic mail through the Court's ECF system and, if not appearing of record herein, via regular United States first class mail:

Nicholas H. Adler
Brock & Scott, PLLC
277 Mallory Station Road, Suite 115
Franklin, TN 37067

Leipzig Living Trust
c/o Kirk Leipzig
1 Burton Hills Blvd., Suite 120
Nashville, TN 37215

By: */s/ Scott D. Johannessen*
      Scott D. Johannessen

EXHIBIT A:000903

The newspapers of **Tennessee** make public notices from their printed pages available electronically in a single database for the benefit of the public. This enhances the legislative intent of public notice - keeping a free and independent public informed about activities of their government and business activities that may affect them. Importantly, Public Notices now are in one place on the web (www.PublicNoticeAds.com), not scattered among thousands of government web pages.

**County:** Davidson
**Printed In:** Tennessean, The (Nashville)
**Printed On:** 2013/10/25

0101692935 NOTICE OF FORECLOSURE SALE STATE OF TENNESSEE, WILLIAMSON COUNTY WHEREAS, Kirk Leipzig executed a Deed of Trust to Bank of America, N. A., Lender and Prlap, Inc., Trustee(s), which was dated March 14, 2008 and recorded on March 19, 2008, Book 4515, Page 473, Williamson County, Tennessee Register of Deeds. WHEREAS, default having been made in the payment of the debt(s) and obligation(s) thereby secured by the said Deed of Trust and the current holder of said Deed of Trust, Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-17, (the "Holder"), appointed the undersigned, Brock & Scott, PLLC, as Substitute Trustee, by an instrument duly recorded in the Office of the Register of Deeds of Williamson County, Tennessee, with all the rights, powers and privileges of the original Trustee named in said Deed of Trust; and NOW, THEREFORE, notice is hereby given that the entire indebtedness has been declared due and payable as provided in said Deed of Trust by the Holder, and that as agent for the undersigned, Brock & Scott, PLLC, Substitute Trustee, by virtue of the power and authority vested in it, will on November 19, 2013, at 11:30AM at the usual and customary location at the Williamson County Courthouse, Franklin, Tennessee, proceed to sell at public outcry to the highest and best bidder for cash, the following described property situated in Williamson County, Tennessee, to wit: Land in Williamson County, Tennessee, being Lot No. 31 on the Plan of Hampton Reserve, section one of record in Plat Book 33, Page 27, as corrected in surveyors certificate of correction of record in Book 2403, Page 250, in the register's office for Williamson County, Tennessee, to which plan reference is hereby made for a more complete description of the property. Being the same property conveyed to the within named grantor(s) by deed recorded simultaneously herewith in Book 4515, Page 471 of register's office for said county. Parcel ID Number: 034G A 32.00 Address/Description: 9569 Hampton Reserve Drive, Brentwood, TN 37027. Current Owner(s): Kirk Leipzig, Trustee of the Leipzig Living Trust Agreement, dated April 15, 2008. Other Interested Party(ies): Reliant Bank. The sale of the property described above shall be subject to all matters shown on any recorded plat; any and all liens against said property for unpaid property taxes; any restrictive covenants, easements or set-back lines that may be applicable; any prior liens or encumbrances as well as any priority created by a fixture filing; a deed of trust; and any matter than an accurate survey of the premises might disclose; and All right and equity of redemption, statutory or otherwise, homestead, and dower are expressly waived in said Deed of Trust, and the title is believed to be good, but the undersigned will sell and convey only as Substitute Trustee. The right is reserved to adjourn the day of the sale to another day, time, and place certain without further publication, upon announcement at the time and place for the sale set forth above. This office is attempting to collect a debt. Any information obtained will be used for that purpose. Brock & Scott, PLLC, Substitute Trustee c/o Tennessee Foreclosure Department 277 Mallory Station Road Suite 115 Franklin, TN 37067 PH: 615-550-7697 FX: 615-550-8484 File No.: 13-15833

Public Notice ID: 20732791

EXHIBIT A:000904
EXHIBIT 1:000001

CONFIDENTIAL

Recording requested by:
BANK OF AMERICA, N.A.

When recorded mail to:
CHRISTIANA TRUST, A DIVISION
OF WILMINGTON SAVINGS
1610 E. ANDREW PL., SUITE B150
ATTN: IRENE TORRES
SANTA ANA, CA 92705
Attn: ASSIGNMENT UNIT
7- 42325

---

CORPORATION ASSIGNMENT OF DEED OF TRUST
Doc. ID# 33687032054956778
Commitment# 5200

For value received, the undersigned, BANK OF AMERICA, N.A., 101 S MARENGO AVE
4TH FLOOR, PASADENA, CA 91101, hereby grants, assigns and transfers to:
CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND, FSB, AS
TRUSTEE FOR STANWICH MORTGAGE LOAN
1610 E ANDREW PL. SUITE B150, SANTA ANA, CA 92705

All beneficial interest under that certain Deed of Trust dated 3/14/08,
executed by: KIRK LEIPZIG, Trustor as per TRUST DEED recorded as Instrument
No. 08011138 on 3/19/08 in Book 4515 Page 473 of official records in the
County Recorder's Office of WILLIAMSON County, TENNESSEE.
  Tax Parcel = 034G A 03200 000,   WILLIAMSON COUNTY TAX COLLECTOR
Original Mortgage $960,000.00
9569 HAMPTON RESERVE DR, BRENTWOOD, TN 37027

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Deed of Trust.

Maximum principal indebtedness for Tennessee recording tax purposes is $0.00.

Dated: 7/29/13     BANK OF AMERICA, N.A.

By_____
   LISA NIX, ASSISTANT VICE PRESIDENT

State of California
County of Los Angeles

On JUL 29 2013 before me, _____IRMA DIAZ_____, Notary Public,
personally appeared LISA NIX, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature: _____
              IRMA DIAZ

IRMA DIAZ
Commission # 1903988
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014

Prepared by: AMPARO MAYORGA
101 S MARENGO AVE 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 486-3638

**BK: 6010 PG: 198-200**
**13038635**

| 3 PGS : AL - AFFIDAVIT | |
| JESSICA BATCH: 312599  08/14/2013 - 01.33 PM | |
| BATCH | 312599 |
| MORTGAGE TAX | 0.00 |
| TRANSFER TAX | 0.00 |
| RECORDING FEE | 15.00 |
| ARCHIVE FEE | 0.00 |
| DP FEE | 2.00 |
| REGISTER'S FEE | 0.00 |
| TOTAL AMOUNT | 17.00 |

STATE OF TENNESSEE, WILLIAMSON COUNTY
**SADIE WADE**
REGISTER OF DEEDS

**RECORDING PREPARED BY**
**AND WHEN RECORDED MAIL TO:**

Scott D. Johannessen
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone:  877.863.5400
Facsimile:   877.863.5401
E-Mail:       scott@sdjnet.com
Web:         www.sdjnet.com

SPACE DIRECTLY ABOVE RESERVED FOR REGISTER'S USE

**RECORDING INFORMATION:**

**PARCEL ID:  HAMPTON RESERVE SUBDIVISION LOT 31; PLAT BOOK 33, PAGE 27**
**ADDRESS:    9569 HAMPTON RESERVE DRIVE, BRENTWOOD, TN 37027**



Pick Up

---

**PROPERTY OWNER'S AFFIDAVIT**
**CONFIRMING PURCHASE OPTION AND LEASEHOLD INTERESTS**

---

**KNOW ALL PERSONS BY THESE PRESENTS:**

**WHEREAS,** effective June 1, 2010, the undersigned ("Tenant") and The Leipzig Living Trust ("Owner") executed a residential lease (the "Lease") whereby Owner leased to Tenant and Tenant leased from Owner certain residential real property located at **9569 Hampton Reserve Drive, Brentwood, Tennessee 37027** and which Parcel ID is **Lot 31 of Hampton Reserve Subdivision, Plat Book 33, Page 27** (the "Property").

**WHEREAS,** on February 14, 2013, Owner executed an Affidavit ("Property Owner's Affidavit") whereby Owner confirmed the Lease and the exercise of the purchase option thereunder. A true and correct copy of the Property Owner's Affidavit, ex exhibits, is attached hereto.

Dated this 14th day of August 2013.

Scott Johannessen

State of Tennessee     )
County of Williamson  )

Personally appeared before me, the undersigned, a Notary Public in and for said State and County, Scott Johannessen, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purposes therein contained.

Sworn to and subscribed before me, this 14th day of August 2013.

NOTARY PUBLIC

My Commission Expires: 3/7/2017

TERESSA J. DERRICK
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY DAVIDSON

## AFFIDAVIT OF KIRK LEIPZIG IN SUPPORT OF
## MOTION FOR TEMPORARY INJUNCTION

I, Kirk Leipzig, state as follows:

1.     I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts stated herein. If called upon to testify as to the matters stated herein, I could and would do so competently and of my own personal knowledge.

2.     I am the Trustee of The Leipzig Living Trust, owner of the residential real property located at 9569 Hampton Reserve Drive in Brentwood, Tennessee (the "Property"). Attached hereto and incorporated herein as **Exhibit 1**:000001-000002 is a true and accurate copy of the Property's physical address and legal description from Williamson County's official Internet website. I am informed and believe that a trustee's sale for the Property was scheduled to take place in Williamson County on February 7, 2013. I did not receive the required statutory notice of either the scheduled trustee's sale or any foreclosure sale date for the Property.

3.     The same family has occupied the Property since June 2010, without interruption, pursuant to a residential lease (the "Lease-Purchase Option"). The Lease-Purchase Option is for a term of sixty (60) months commencing June 1, 2010, and ending May 31, 2015. In January 2011 the option to purchase the Property under the Lease-Purchase Option was exercised by the tenant and in December 2012 a Memorandum of Lease and Option to Purchase was registered with the Williamson County Register of Deeds. Attached hereto as **Exhibit 2**:000001-000011 and **Exhibit 3**:000001-000002, respectively, are true and accurate copies of the Lease-Purchase Option and the Memorandum of Lease and Option to Purchase.

I declare under penalty of perjury, under the laws of the State of Tennessee, that the foregoing is true and correct. Executed on February 14, 2013, at Brentwood, Tennessee.

_____
Kirk Leipzig

State of Tennessee )
County of Williamson )

Personally appeared before me, the undersigned, a Notary Public in and for said State and County, Kirk Leipzig, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who acknowledged that he executed the within instrument for the purposes therein contained.

Sworn to and subscribed before me, this 14th day of February, 2013.

_____
NOTARY PUBLIC

My Commission Expires: September 16, 2015

HEATHER SWANN
STATE OF TENNESSEE
NOTARY PUBLIC
COUNTY OF WILLIAMSON
My Commission Expires September 16, 2015



EXHIBIT B:009001